IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

CASE NUMBER:

DONNA GOLDEN,

      **Plaintiff,**

**v.**

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

      **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Donna Golden, by and through Her undersigned counsel hereby sues Defendant, Hartford Insurance Company of the Midwest and allege as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiff was and is a Florida resident.

3. Defendant is upon information and belief, a corporation duly authorized to conduct business in the State of Florida, and which does issue policies of insurance in Lee County.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Lee County, Florida.

5. At all times material hereto there was in full force and effect a homeowner's property insurance policy believe to be 55RBA919830. A formal copy of the Plaintiff's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: Equity Premium, Inc. v. Twin City Fire Ins. Co.,

956 So.2d 1257 (Fla 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3rd DCA 1981) and Sasche v. Tampa Music Co., 262 So.2d 17( Fla. 2nd DCA 1972).

6. Under Policy's terms, Defendant insured the Plaintiff against certain losses to Plaintiff's home located at 7591 Key Deer Court, Fort Myers, Florida 33966 (the "Property").

7. On or about December 21, 2021, while the policy was in full force and effect, the Property sustained damage that was covered under the Policy as a result of wind.

8. Plaintiff filed a claim with Defendant that was assigned Claim Number PP0019359906.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

Plaintiff, Donna Golden, by and through the undersigned attorney sues Defendant, Hartford Insurance Company of The Midwest and alleges as follows:

9. Plaintiff re-alleges paragraphs 1 through 8 above and incorporates the same by reference herein.

10. Plaintiff is the named insureds under the Policy which was in full force and effect all times material to this Complaint.

11. Plaintiff has complied with all conditions precedent contained within the policy or under Florida law, or any such conditions have been waived.

12. Despite receiving Plaintiff's demand for payment, Defendant has failed or refused to fully indemnify Plaintiff from the amount of loss.

13. Defendant's refusal to reimburse Plaintiff adequately for damages and otherwise make Plaintiff whole constitutes a breach of contract.

14. As a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.9373, 57.041,

57.104, Florida Statutes. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

15. Plaintiff has been and remains fully prepared to comply with all of the Policy's obligations.

16. Defendant's conduct has caused the Plaintiff to retain the services of the undersigned attorney to represent them in this action, and Plaintiff is entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 627.70152, 57.041 and 57.104, Florida Statutes, for such services.

**WHEREFORE**, Plaintiff, Donna Golden, by and through the undersigned counsel, demands judgment against Defendant, Hartford Insurance Company of The Midwest for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 627.70152, 57.041, and 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on

Defendant along with the Summons in this action.


**Date: January 24, 2023**

_/s/Dalya Zalloum_
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
Florida Bar Number: 1002903
_FOR THE FIRM_
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: DZalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA**

**CASE NUMBER:**

**DONNA GOLDEN,**

      **Plaintiff,**

**v.**

**HARTFORD INSURANCE COMPANY OF
THE MIDWEST,**

      **Defendant.**

_____/

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

**NOTICE IS HEREBY GIVEN** that Donna Golden, by and through the undersigned counsel, under Rules 1.280(a) and 1.340 of the Fla. R. Civ. Pro., submits to Defendant, Hartford Insurance Company of The Midwest, the following Interrogatories to be answered under oath by an authorized agent of Defendant within forty-five (45) days of service herein. Where knowledge or information in the possession of Defendant is requested, such request includes knowledge of the partners, employees, agents, representatives and unless privileged, attorneys for Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons and the Complaint in this action.

**Date: January 24, 2023**

   */s/Dalya Zalloum*
_____
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
Florida Bar Number: 1002903
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: DZalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA**

**CASE NUMBER:**

**DONNA GOLDEN,**

      **Plaintiff,**

**v.**

**HARTFORD INSURANCE COMPANY OF THE
MIDWEST,**

      **Defendant.**

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

DEFINITIONS AND INSTRUCTIONS

For purposes of these Interrogatories, the following terms and definitions are provided:

1. <u>Plaintiff</u>:  The term "Plaintiff" as used herein shall mean Donna Golden, and their representatives as defined below.

2. <u>Defendant</u>:  The term "Defendant" Hartford Insurance Company of The Midwest whether by that name or any other, and its representatives as defined below.

3. <u>Representatives</u>:  The term "representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

4. <u>You</u> and <u>Your</u>:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5. <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation

made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs and digital recordings), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records, as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications and changes to any of the foregoing.

6. <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to  state the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known).  Once identified, a person may be subsequently identified by uniform use of a standard name.

7. <u>Plaintiff's Property</u>: The term "Plaintiff's Property" as used herein shall mean reference to the property located at 7591 Key Deer Court, Fort Myers, Florida 33966.

<u>INSTRUCTIONS</u>

Should Defendant object to or not answer an Interrogatory by raising a claim of privilege, Defendant is required to:

a. State the basis of the claim of privilege;

b. Identify the subject matter of the information to which a claim of privilege is made;

c. Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

d. Identify all persons or entities to which the privileged information has been disclosed.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatory is directed?

**ANSWER:**

2.      State the facts upon which you rely for each affirmative defense in your Answer to the Complaint, or in support of a Motion to Dismiss, if such was filed.

**ANSWER:**

3.      State each and every policy provision upon which you are relying in connection with your decision to deny, or otherwise not indemnify Plaintiff for Plaintiff's claimed amount of loss.

**ANSWER:**

4.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

5.      State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

6.     Identify by name, address, phone number, and employer and title/position of all persons who on your behalf:

a)     Inspected Plaintiff's Property;

b)     Evaluated the claim;

c)     Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the insured property;

d)     Denied coverages for the claim; and

e)     Approved payment(s) made.

For each such individual state what decisions were made by said individual.

**ANSWER:**

7.     As to any and all decisions identified in answer to Interrogatory 6 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the dates when each such decision was made.

**ANSWER:**

8.     If you allege that Plaintiff has failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the loss, please state with specificity all facts and circumstances to support any contention Defendant was prejudiced by the alleged failure to comply with any conditions precedent.

**ANSWER:**

9.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter for which the witness has knowledge.

**ANSWER:**

10.     As to any statements of any kind (written, recorded, transcribed, digital or otherwise) obtained by you from Plaintiff or any other witness in connection with the property damage which is the basis of this lawsuit, identify (defined above) each such person from whom a statement was taken, state the date when each such statement was taken, state the manner in which it was taken and identify (defined above) the person who took or recorded each such statement.

**ANSWER:**

11.     As to any portion of the loss for which you contend is not covered by Plaintiff's policy, please set forth the specific item(s) which you contend are not covered, and for each such item(s), all facts supporting your contention that no coverage exists for said item(s).

**ANSWER:**

12.     If you dispute the reasonableness of the amount of loss, please set forth the specific item(s) that you contend are unreasonable, and for each item(s), please set forth all facts supporting your contention.

**ANSWER:**

13.     As to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

    a)  The name of the individual who hired the third party on behalf of your company;

    b)  The date and nature of the services provided by the third party;

    c)  Each case in which the third party has been retained by you for any purpose during the past three years;

    d)  The amount of money that the third party has been paid by you during the past three years; and

    e)  Please state the taxpayer identification numbers for both you and the third party.

**ANSWER:**

### **AFFIDAVIT**

_____    Dated _____, 2022.
Signature of Agent for Defendant
Hartford Casualty Insurance Company


**STATE OF** _____

**COUNTY OF** _____

     **BEFORE ME**, the undersigned authority, by means of ☐ physical presence or ☐ online

notarization, appeared the Agent for Defendant, Hartford Insurance Company of The Midwest

_____, who is ☐ personally known to me or ☐

produced _____ as identification, and who deposed and stated

that the information contained in the foregoing Answers to Interrogatories is true and correct, to

the best of his/her knowledge and belief and who took an oath.

     **SWORN AND SUBSCRIBED** before me in the aforesaid County and State this _____

day of _____, 2022.

                                        _____
                                        Notary Public

(SEAL)                         Commission No. _____

                                          _____
                                        (Name of Notary typed, printed or stamped)
                                        My commission expires:  _____

**IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA**

**CASE NUMBER:**

**DONNA GOLDEN,**

  **Plaintiff,**

**v.**

**HARTFORD INSURANCE COMPANY OF THE
MIDWEST,**

  **Defendant.**

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

  Plaintiff, Donna Golden, by and through the undersigned counsel, under Florida Rule of

Civil Procedure 1.370, submits to Defendant, Hartford Insurance Company of The Midwest the

following requests for admissions for Defendant to admit or deny within forty-five (45) days of

the service of the Complaint herein:

  1.  Admit that you issued a policy of homeowners insurance that provided insurance

coverage to a property located at 7591 Key Deer Court, Fort Myers, Florida 33966.

**RESPONSE:**


  2.  Admit that the homeowners insurance policy you issued, which is described in the

Complaint, provided coverage for   damage.

**RESPONSE:**

3.  Admit that the insurance policy you issued to Plaintiff for the property located at 7591 Key Deer Court, Fort Myers, Florida 33966 was in full force and effect as of December 21, 2021.

**RESPONSE:**

4.  Admit that the   loss described in the Complaint, which occurred on or about December 21, 2021, was a covered event pursuant to the terms of the subject policy.

**RESPONSE:**

5.  Admit that any payment you issued on this claim was in accordance with the terms of the insurance policy at issue in this lawsuit.

**RESPONSE:**

6.  Admit that above-named Defendant is properly named in this action.

**RESPONSE:**

7.  Admit that Defendant's adjuster(s) who worked on this claim did so in accordance with Fla. Stat. § 626.878.

**RESPONSE:**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons and the Complaint in this action.

**Date: January 24, 2023**

*/s/Dalya Zalloum*

**COHEN LAW GROUP**
Dalya Zalloum, Esq.
Florida Bar Number: 1002903
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:  (407) 478-4878
Fax: (407) 478-0204
Primary: DZalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

CASE NUMBER:

DONNA GOLDEN,

      **Plaintiff,**

v.

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

      **Defendant.**

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

      Plaintiff, Donna Golden, by and through the undersigned counsel, under Florida Rules of

Civil Procedure 1.350 and 1.280(a), submits to Defendant, Hartford Insurance Company of The

Midwest the following Request to Produce and requests that Defendant furnish copies to Plaintiff

at 350 North Lake Destiny Road, Maitland, Florida, 32751, or via E-Mail, within forty-five (45)

days of service of the Complaint herein.

### DEFINITIONS AND INSTRUCTIONS

For purposes of this Request to Produce, the following terms and definitions are provided:

1. <u>Plaintiff</u>:  The term "Plaintiff" as used herein shall mean Donna Golden and their
   representatives as defined below.

2. <u>Defendant</u>:  The term "Defendant" shall mean Hartford Insurance Company of The
   Midwest whether by that name or any other, and its representatives as defined below.

3. <u>Representatives</u>:  The term "representatives" shall mean any and all present or former
   partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties,
   indemnificators, insurers, independent contractors and other persons acting or purporting
   to act on behalf of the entity referred to.

4. <u>You</u> and <u>Your</u>: The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5. <u>Document</u>: The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer records, computer printouts, other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings and other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing, as well as all digitally stored and generated documents and notes.

6. <u>Communication</u>: The term "communication" as used herein shall mean any contact between or among the parties indicated, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails or electronic contacts, conferences and discussions. Once identified, a communication may be subsequently identified by use of a common description.

7. <u>Identify</u>: The term "identify" when used with reference to a person shall mean to:

    a. State the full name of the person;

    b. State the full name of the last known employer of the person;

    c. State the last known occupation or title of the person with such employer;

    d. State the last known business telephone number of the person;

    e. State the last known home address of the person; and

    f. State the last known home telephone number of the person.

Once identified, a person may be subsequently identified by uniform use of a standard name.

8. <u>Identify</u>:  The term "identify" when used with reference to a document shall mean to:

   a.  State a complete description of the document;

   b.  Identify the person who prepared the document;

   c.  State the date on which the document was prepared;

   d.  State the location at which the document was prepared; and

   e.  Identify the person who presently has care, custody and control of the document.

Once identified, a document may be subsequently identified by uniform use of a standard description.

9. <u>Person</u>:  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

<u>INSTRUCTIONS</u>

Should Defendant object to a Request to Produce or not respond pursuant to a claim of privilege, Defendant is required to:

   a.  State the basis of the claim of privilege;

   b.  Identify the subject matter of the information to which a claim of privilege is made;

   c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

   d.  Identify all persons or entities to which the privileged information has been disclosed.

**PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT**

1.      A true and correct copy of all DEC pages and the full and complete insurance policy(s) referenced in Plaintiff's Complaint and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

**RESPONSE:**


2.      A copy of any and all other DEC pages and insurance policy(s) that may provide coverage to either Plaintiff for the damages claimed in Plaintiff's Complaint.

**RESPONSE:**


3.      A copy of each and every document (defined above) that you reasonably anticipate may be introduced into evidence at the trial of this matter.

**RESPONSE:**


4.      A copy of any and all documents that you allege may support any affirmative defense which you have raised in this matter.

**RESPONSE:**


5.      A copy of any and all documents that you allege may support any Motion to Dismiss which you have filed in this matter.

**RESPONSE:**


6.      Copies of any and all statements, and any transcripts from any person who has knowledge of the facts in this matter including any expert witness or Defendant (defined above) herein.

**RESPONSE:**


7.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same that have been reduced to writing and/or transcribed, including but not limited to Examinations Under Oath, which were taken of or provided by any insured or their representatives (defined above) that are in your possession or control.

**RESPONSE:**

8.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same that have been reduced to writing and/or transcribed, which were taken of or provided by any witness that are in your possession or control.

**RESPONSE:**

9.      Each and every document, report, chart, graph, object, summary, compilation of data or other thing relied upon by any of your experts, in whole or in part, in the formulation of any opinions and conclusion in this case.

**RESPONSE:**

10.     Copies of any photographs of Plaintiff's Property located at 7591 Key Deer Court, Fort Myers, Florida 33966 which are in your possession or control.

**RESPONSE:**

11.     Copies of any photographs that reflect any damage at Plaintiff's Property located at 7591 Key Deer Court, Fort Myers, Florida 33966 that are in your possession or control.

**RESPONSE:**

12.     Copies of any photographs of any work performed at Plaintiff's Property located at 7591 Key Deer Court, Fort Myers, Florida 33966 that are in your possession or control.

**RESPONSE:**

13.     Copies of any and all estimates and damage appraisals and other documents (defined above) referencing damage appraisals regarding Plaintiff's Property located at 7591 Key Deer Court, Fort Myers, Florida 33966 that are in your possession or control.

**RESPONSE:**

14.     Copies of any and all documents (defined above) upon which you based any denials of coverage for the loss described in Plaintiff's Complaint.

**RESPONSE:**

15.     Copies of any and all documents (defined above) upon which you based any denials of all or part of the amount of loss claimed by Plaintiff.

**RESPONSE:**

16.     If there are any denials of insurance coverage by Defendant, then copies are requested of any and all applications for insurance, insurance forms, data sheets, correspondence, notices, facsimile, e-mails and other documents (defined above) that reference in any way any the insurance policy at issue in this matter.

**RESPONSE:**

17.     Copies of any and all correspondence, facsimile, notices, e-mails and other documents (defined above) that reference in any way any notices that you provided to Plaintiff regarding cancellation of the insurance policy at issue in this matter.

**RESPONSE:**

18.     Copies of all PORS, Proof of Mailing and other documents (defined above) that reflect in any way mailings made by you to Plaintiff regarding cancellation of the policy of insurance at issue in this matter.

**RESPONSE:**

19.     All reports and current curriculum vitae from any expert(s) retained by you for any reason regarding Plaintiff's claim.

**RESPONSE:**

20.     Any and all e-mails, letters, facsimile, and other correspondence regarding any claims made by Plaintiff for homeowners insurance benefits as a result of the    event of December 21, 2021, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

**RESPONSE:**

21.     All documents reflecting any payment made to any person (defined above) or entity for any reason as a result of the    event described in Plaintiff's Complaint.

**RESPONSE:**

22.     All books, treaties or authority used by Defendant's adjuster in determining what amount to pay or deny regarding the claim at issue.

**RESPONSE:**

23.     All writings, memoranda, notes or other materials reflecting examination of Plaintiff's Property by Defendant or its agents.

**RESPONSE:**

24.     All proofs of loss received by Defendant from Plaintiff.

**RESPONSE:**

25.     All estimates received by Defendant from any source for repairs to Plaintiff's Property.

**RESPONSE:**

26.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

**RESPONSE:**

27.     Any training manuals, guides and documents that Defendant has provided to its adjusters regarding adjusting   damage claims from the past three years to the present.

**RESPONSE:**

28.     Copies of any peer reviews, estimates, or comparative estimates generated by anyone on Defendant's behalf regarding the amount of loss at issue.

**RESPONSE:**

29.     All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions regarding Plaintiff's claim.

**RESPONSE:**

30.     A copy of the contract/agreement/document (if any) that Defendant has with anyone, including but not limited to contractors, engineers, adjusters, or experts, who may provide testimony at the trial of this matter.

**RESPONSE:**

31.     A copy of each resume, curriculum vitae, and other document listing the qualifications of each and every expert and/or consultant hired by you or your representatives (defined above)  who may testify at trial.

**RESPONSE:**

32.     All documents that relate to the drafting, meaning, and interpretation of any language, terms, or provisions, used in the policy at issue.

**RESPONSE:**

33.     Pursuant to Fla. R. Civ. P. 1.310(b)(6), please produce three (3) alternative dates for deposition to occur no earlier than thirty (30) days but no later than one hundred-twenty (120) days from service for the deposition of the corporate representative(s) with the most knowledge of the claim asserted by the Plaintiff's Complaint as well as the individual(s) primarily responsible for the decision to deny indemnifying Plaintiff's amount of loss. A designation of the information upon which such examination will proceed will be provided under separate cover.

**RESPONSE:**


34.     Copies of any and all notices sent by you or your representatives (defined above) to any insured to participate in a mediation program under Fla. Stat.§ 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to any insured regarding the same.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons and the Complaint in this action.

**Date: January 24, 2023**


_/s/Dalya Zalloum_
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
Florida Bar Number: 1002903
_FOR THE FIRM_
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: DZalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

## Service of Process Transmittal Summary

**TO:**   Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**   **Process Served in Florida**

**FOR:**   Hartford Insurance Company of the Midwest  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DONNA GOLDEN vs. HARTFORD INSURANCE COMPANY OF THE MIDWEST |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Standing Order, Complaint, First Set of Interrogatories, Affidavit, First Request(s) |
| **COURT/AGENCY:** | Lee County Circuit Court, FL<br>Case # 23CA000403 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Electronic Receipt on 01/27/2023 at 00:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | DALYA ZALLOUM<br>COHEN LAW GROUP<br>350 NORTH LAKE DESTINY ROAD<br>MAITLAND, FL 32751<br>407-478-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2023, Expected Purge Date: 02/01/2023<br><br>Image SOP<br><br>Email Notification, Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | Process received by Chief Financial Officer on 01/26/2023, and forwarded to C T Corporation System by electronic delivery on 01/27/2023. |



**CT Corporation**
**Service of Process Notification**
01/27/2023
CT Log Number 543110414

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| DONNA GOLDEN | **CASE #:** 23-CA-000403 |
| | **COURT:** CIVIL |
| | **COUNTY:** LEE |
| PLAINTIFF(S) | **DFS-SOP #:** 23-000033033 |

VS.

HARTFORD INSURANCE COMPANY OF THE
MIDWEST

DEFENDANT(S)

_____ /

SUMMONS, COMPLAINT, DISCOVERY

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Thursday,
January 26, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, January 27, 2023
to the designated agent for the named entity as shown below.

    HARTFORD INSURANCE COMPANY OF THE MIDWEST
    DONNA MOCH
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

ANA ROSSI
PARTNER
COHEN LAW GROUP
350 NORTH LAKE DESTINY RD
MAITLAND, FL 32751

DG1

**IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA**

**CASE NUMBER:** 23-CA-000403

**JUDGE:** _____

**DONNA GOLDEN,**

      **Plaintiff,**

**v.**

**HARTFORD INSURANCE COMPANY OF
THE MIDWEST,**

      **Defendant.**

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on INSURANCE COMMISSIONER pursuant to § 48.151(3), Fla. Stat. (2016) **By Serving:**

<u>**Hartford Casualty Insurance Company**</u>
Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32302

Each defendant is required to serve written defenses to the Complaint of Petition on Dalya Zalloum, Counsel for Plaintiff, **Cohen Law Group, 350 North Lake Destiny Road, Maitland, Florida 32751**, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the Defenses with the Clerk of this Court either before service on Plaintiff's Attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that defendant for the relief demanded in the complaint or petition.

Kevin C. Karnes
CLERK OF THE COURT

By: _Kennedy Harris_ , Deputy Clerk      Date: 01/24/2023



1/24/2023 3:54 PM FILED LEE COUNTY CLERK OF COURTS

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                    CIVIL ACTION

CASE NO: 23-CA-000403

Golden, Donna
  Plaintiff
vs
Hartford Insurance Company Of The Midwest
  Defendant
_____/

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE
## TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 (as amended) entered by the Chief Judge of
this Circuit, the parties are ordered to adhere to the following information and procedures
applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary
Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are
required to participate in the case management system. The Court will issue a Case Management
Plan after 150 days of the filing of a case in the event the parties have not submitted an Agreed
Case Management Plan that has been approved by the Court. However, if it becomes necessary
to amend the court-issued Case Management Plan, the parties may submit an Agreed Case
Management Plan, subject to approval by the Court, or if the parties cannot agree on an
Amended Plan, the parties may request a case management conference. The form of the Agreed
Case Management Plan may be accessed at the Court's website at:
https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx. If a case
management conference is scheduled, attendance by trial counsel and those parties who are not
represented by counsel is mandatory. Agreed Case Management Plans are to be submitted
to Lee County Civil Case Management by email in Word format to
LeeCircuitCivilCM@ca.cjis20.org or if no access to email then mailed to Lee County
Civil Case Management 1700 Monroe Street Fort Myers Fl. 33901. DO NOT file with the
Clerk of Court.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an

Rev. 9/28/21

out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla.R.Civ.P. 1820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

**DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida.

/s/Alane C. Laboda
Administrative Circuit Judge

****Original on file in the office of the Circuit Court Administrative Judge, Lee County**